UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Quintin M. Littlejohn**, | C/A No. 6:07-2177-RBH-WMC |
| Petitioner, | |
| vs. | **Report and Recommendation** |
| **Harold Creciven**, Captain at Cherokee County Detention Center, | |
| Respondent. | |

This habeas corpus action is before the undersigned on the respondent's motion for summary judgment (Entry No. 27), which was filed on October 10, 2007. On the same day, the undersigned apprised the petitioner of dispositive motion procedure, as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). The petitioner filed his response to the motion for summary judgment on October 29, 2007.

The petitioner is currently confined at the Just Care Center operated by the South Carolina Department of Mental Health. At the time the petitioner filed this case, the petitioner was confined at the Cherokee County Detention Center in Gaffney, South Carolina.

The return and memorandum (Entry No. 26-8) from counsel for the respondent reveal that the petitioner has been charged with possession of crack cocaine. The charge arises out of an incident that allegedly took place on October 26, 2006. The petitioner was released on bond. While on bond, the petitioner was taken to the Patrick B. Harris Psychiatric Hospital. While at the Patrick B. Harris Psychiatric Hospital, the petitioner

on March 14, 2007, attacked a hospital worker and threatened to kill a fellow patient and a staff member (Entry No. 26-3, at page 4).

After being informed of the events at the Patrick B. Harris Psychiatric Hospital, the Office of the Seventh Circuit Solicitor filed a motion to revoke bond because the petitioner has violated the conditions of his bond and presented a danger to the community. On April 9, 2007, a hearing was held before the Honorable Cordell J. Maddox, South Carolina Circuit Judge. The petitioner was represented by the Cherokee County Public Defender at the hearing. In an order signed on April 10, 2007, but filed on April 12, 2007, Judge Maddox revoked the petitioner's bond and directed that the petitioner receive a mental evaluation. The order revoking bond appears at Entry No. 26-2.

On June 22, 2007, the Honorable Edward W. Miller, South Carolina Circuit Judge, by order, directed that the petitioner be examined to determine his competency to stand trial pursuant to *State v. Blair*, 275 S.C. 529, 273 S.E.2d 536 (1981), and Section 44-23-410, South Carolina Code of Laws. The South Carolina Department of Mental Health issued its finding on August 22, 2007, and concluded that the petitioner was *not* competent to stand trial because of schizophrenia and disorganized speech, which would preclude him from testifying or conferring with an attorney (Entry No. 26-4).

A formal hearing was held before the Honorable Stephen H. John, South Carolina Circuit Judge, on September 6, 2007. At the hearing, the petitioner was again represented by the Cherokee County Public Defender. The author of the Department of Mental Health Report on the petitioner's competency, Jeffrey E. Musick, Ph.D., testified in person.

In an order (Entry No. 26-5) filed on September 6, 2007, Judge John concluded that the petitioner was not currently competent to stand trial, but the conditions rendering the petitioner incompetent were remediable if treated. Hence, Judge John directed that the petitioner be committed to the South Carolina Department of mental Health for sixty (60) days "in an attempt to help him attain competence."

## *Discussion*

Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See*, *e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169-170 (1898); *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873);[1] *Nivens v. Gilchrist*, 319 F.3d 151 (4th Cir. 2003); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989), *cert. denied*, 494 U.S. 1030 (1990). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *See*

---

[1] Although the Supreme Court of the United States has not overruled *Taylor v. Taintor*, an unrelated portion of the decision in *Taylor v. Taintor*, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas. *See Green v. State*, 829 S.W.2d 222, 223 (Tex. Crim. App. 1992) ("However, *Taylor* is not the law in Texas."), *affirming Green v. State*, 785 S.W.2d 955 (Tex. App. Fort Worth 1990).

3

*also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*), *cert. denied*, 424 U.S. 946 (1976).

In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."  The *pro se* petitioner also does not meet the tests for a preliminary injunction or temporary restraining order enunciated in such cases as *North Carolina State Ports Authority v. Dart Containerline Company*, 592 F.2d 749, 750-53 (4th Cir. 1979).

With respect to the pending charge of possession of crack cocaine, the petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which remedies can be sought only after the petitioner has exhausted his state court remedies.  "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (*citing Wainwright v. Sykes*, 433 U.S. 72 (1977)).  *See also* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Picard v. Connor*, 404 U.S. 270 (1971); and *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3rd Cir. 1986) (exhaustion required under § 2241).

The exhaustion requirements under § 2254 are fully set forth in *Matthews v. Evatt*, 105 F.3d 907 (4th Cir.), *cert. denied, Matthews v. Moore*, 522 U.S. 833 (1997):

4

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts. . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.]

*Matthews v. Evatt*, 105 F.3d at 910-911 (citations omitted from quotation).

In any event, it is clear that the petitioner has not exhausted his state court remedies. If the plaintiff is later found competent to stand trial and is subsequently convicted and sentenced in his pending criminal case, he has the remedy of filing a direct appeal. *State v. Northcutt*, 372 S.C. 207, 641 S.E.2d 873 (2007). If his direct appeal is unsuccessful, the petitioner can file an application for post-conviction relief. *See* § 17-27-10, *et seq.*, South Carolina Code of Laws.

If a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an "appeal" (petition for writ of certiorari) in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535 (1985).[2] In fact, South Carolina

---

[2]The Supreme Court of South Carolina has authorized the South Carolina Court of Appeals to hear petitions for certiorari in post-conviction cases upon referral from the Supreme Court of South Carolina. *See* Supreme Court Order 2005-08 (C.O. 08 effective May 1, 2005), Shearouse Advance Sheet # 19; and *Dunlap v. State*, 371 S.C. 585, 641 S.E.2d 431 (2007) ("In appeals from criminal convictions **or post-conviction relief matters**, a litigant is not required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.")(emphasis in original).

prisoners have been successful on such appeals in their post-conviction cases. *See*, *e.g.*, *Staggs v. State*, 372 S.C. 549, 643 S.E.2d 690 (2007) (post-conviction relief granted on grounds of trial counsel's actual conflict of interest from representing members of same family; new trial ordered); *Custodio v. State*, 373 S.C. 4, 644 S.E.2d 36 (2007) (post-conviction relief granted on issue of enforcement of plea agreement); *Morris v. State*, 371 S.C. 278, 639 S.E.2d 53 (2006) (on issue of ineffective assistance of counsel); *Riddle v. Ozmint*, 369 S.C. 39, 631 S.E.2d 70 (2006); *Stevens v. State*, 365 S.C. 309, 617 S.E.2d 366 (2005); and *Vaughn v. State*, 362 S.C. 163, 607 S.E.2d 72, 73-76 (2004).

It is well settled that a direct appeal is a viable state court remedy. *Castille v. Peoples*, 489 U.S. 346, 349-52 (1989). The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is also a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977). In an application for post-conviction relief, an applicant can raise issues relating to ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Brightman v. State*, 336 S.C. 348, 520 S.E.2d 614 (1999); and *Drayton v. Evatt*, 312 S.C. 4, 430 S.E.2d 517, 519-20 (1993) (issues that could have been raised at trial or on direct appeal cannot be raised in a PCR application absent a claim of ineffective assistance of counsel).

Since the petitioner has not been convicted and, hence, has yet to exhaust at least four (4) viable state court remedies — a criminal trial, a direct appeal, an application for post-conviction relief, and an "appeal" (petition for writ of *certiorari*) in the post-conviction

case, this court should not keep this case on its docket while the petitioner is exhausting his state court remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition." *See also Pitchess v. Davis*, 421 U.S. 482, 490 (1975); and *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4 (4th Cir. 1993), *cert. denied*, 510 U.S. 1171 (1994), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."

### *Recommendation*

Since state remedies are not exhausted and the petitioner is currently in treatment at the South Carolina Department of Mental Health, it is recommended that the respondent's motion for summary judgment (Entry No. 27) be granted and that this case be dismissed *without prejudice* for failure to exhaust state court remedies. Any pending nondispositive motions will be held in abeyance pending the district court's disposition of the motion for summary judgment. Should the district judge adopt this court's recommendation, these motions will be rendered moot.

The attention of the parties is directed to the important notice on the next page.

October 30, 2007                                    s/William M. Catoe
Greenville, South Carolina                          United States Magistrate Judge

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).