IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Quintin M. Littlejohn, | ) | |
| | ) | C.A. No.: 6:07-2177-RBH |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Harold Creciven, Captain at Cherokee County Detention Center, | ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina. In the Report, the Magistrate Judge recommends that the respondent's [27] motion for summary judgment be granted on the basis that federal courts are not allowed to interfere with pending criminal proceedings in state court. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). He further recommends a finding that the petitioner has failed to exhaust his state court remedies as required by 28 U.S.C. § 2254. Both of these recommendations are made on the basis that the state court charges of possession of crack cocaine against the petitioner are still pending.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made,

1

and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

On November 6, 2007, Petitioner filed a document entitled "Rebuttal to R-R of William M. Catoe U.S. Magistrate Judge". The Court will attempt to construe this document as objections to the Magistrate's Report. Petitioner asserts that he exhausted his state court remedies, since hearings were allegedly held in the Municipal Court and the Cherokee County Circuit Court concerning his case, and that "extraordinary circumstances" exist.[1] Apparently, the hearings to which the petitioner refers concerned his competence to stand trial for his currently pending criminal charge. The Return by the respondent to the petition for habeas corpus attaches the Report on Competency to Stand Trial[2], the Order of Commitment[3], and a record from the city of Gaffney indicating that the charge was still pending as of October 8, 2007. It is apparent to the Court based on the information before it that the petitioner has not exhausted his state court remedies and that the case is not properly before this Court.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Catoe's Report and Recommendation and incorporates it herein. It is therefore

**ORDERED** that the respondent's [27] motion for summary judgment be GRANTED. All other pending motions are deemed moot.

---

[1] Petitioner also contends that doctors have injected him with medication and are using him for scientific research.

[2] The report finds that petitioner was not competent to stand trial but that he was likely to "attain competence in the foreseeable future."

[3] The Order of state circuit judge Steven H. John committed the petitioner to the South Carolina Department of Mental Health for up to 60 days "in an attempt to help him attain competence."

2

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>R. BRYAN HARWELL<br>United States District Judge

Florence, South Carolina
November 8, 2007